UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
─────────────────────────────────────────

MICHAEL PARTON,

                Petitioner,

v.                                           9:20-CV-1286
                                                    (TJM/DJS)

TITUS, Acting Superintendent,

                Respondent.
─────────────────────────────────────────

APPEARANCES:                                         OF COUNSEL:

MICHAEL PARTON
03-B-1252
Petitioner, pro se
Five Points Correctional Facility
Caller Box 119
Romulus, NY 14541

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

### I.    INTRODUCTION

Petitioner Michael Parton seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."). Petitioner also filed an application to proceed in forma pauperis ("IFP"). Dkt. No. 2, IFP Application.

Upon further review of petitioner's prior habeas action, and for the reasons discussed below, this petition must be transferred to the Second Circuit as a successive petition.[1]

───────────────────────

[1] Even if the petition was not transferred, it still appears to be untimely. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, established a one-year statute of limitations for prisoners to seek federal review of their state court criminal convictions. 28 U.S.C. § 2244(d)(1). The one-year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 & n.9 (2012).

    In this case, petitioner's conviction was affirmed by the Court of Appeals on June 14, 2006. Pet. at 3; *Parton*,

## II.     IFP APPLICATION

Based on petitioner's certified IFP Application, Dkt. No. 2, he is eligible to proceed with this action without paying the statutory filing fee. His IFP Application is, therefore, granted. Petitioner will still be required to pay fees that he may incur in the future regarding this action including, but not limited to, copying fees ($.50 per page).

## III.    PREVIOUS HABEAS PETITIONS

Petitioner previously filed a habeas petition in the Northern District of New York in 2006. *See Parton v. Greene*, No. 9:06-CV-0921 (JKS) ("*Parton I*"). Petitioner challenged a 2003 judgment of conviction in Onondaga County, upon a jury verdict, of second degree murder, felony murder, and first degree robbery. *Parton I*, Dkt. No. 4, Amended Petition ("Am. Pet."), at 1. Petitioner identified that the New York State Supreme Court, Appellate Division, Fourth Department, affirmed the judgment and, on June 14, 2006, the New York State Court of Appeals denied petitioner's application for leave to appeal. Am. Pet. at 2; *see also People v. Parton*, 26 A.D.3d 868 (4th Dep't 2006), *lv. denied*, 7 N.Y.3d 760 (2006).[2]

Petitioner argued he was entitled to relief because (1) the trial court erred in declining

---

7 N.Y.3d at 760. Petitioner's conviction became "final" for purposes of the AEDPA ninety days later, on September 12, 2006, when the time to seek certiorari expired. *Thaler*, 565 U.S. at 149. Petitioner had one year from that date, or until September 12, 2007, to file a timely federal habeas petition. The present petition, signed on October 8, 2020, is approximately thirteen years too late.

While the statute of limitations will be statutorily tolled while petitioner's properly filed collateral attacks were pending, his habeas petition is still untimely. Petitioner's 440 motion was filed on July 5, 2019, which was still over eleven years past the limitation's expiration date. An application for collateral relief cannot serve to "revive [an] expired statute of limitations." *Gillard v. Sticht*, No. 9:16-CV-0513 (MAD), 2017 WL 318848, at *3 (N.D.N.Y. Jan. 23, 2017) (citations omitted); *accord, Roberts v. Artus*, No. 1:16-CV-2055, 2016 WL 2727112, at *2 (E.D.N.Y. May 5, 2016) ("If the 440 motion was filed after the one-year statute of limitations period expired, it cannot be counted for purposes of statutory tolling.").

On this record, there also appears to be no basis for equitable tolling.

[2] For the sake of clarity, citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

2

to instruct the jury on a lesser included offense; (2) the trial court erred in imposing consecutive sentences; (3) the trial court erred in refusing to provide the jury with a missing witness charge; and (4) the sentence was harsh and excessive. *Parton I*, Am. Pet. at 4-5. The respondent opposed the petition. *Parton I*, Dkt. No. 8, Answer; Dkt. No. 9, Memorandum of Law in Opposition; Dkt. No. 12, State Court Records.

On August 25, 2008, this Court issued an Order denying the petition. *Parton I*, Dkt. No. 17, Order ("August Order"); Dkt. No. 18, Judgment. With respect to the first claim, the Court held that the decision of the Appellate Division finding that petitioner failed to establish the trial judge had erred was not a contrary or unreasonable application of clearly established federal law. *Parton I*, August Order at 4. Concerning petitioner's second and fourth claims, the Court found that any allegations of unduly harsh sentences or challenges to a consecutive sentence were noncognizable. *Id.* at 5. Moreover, to the extent an Eighth Amendment challenge could be asserted, the Court found that the sentence was not grossly disproportional and, therefore, the Appellate Division's decision was not contrary to or an unreasonable application of federal law. *Id.* at 5-6. Finally, the Court also held that the Appellate Division's decision denying petitioner's claim about the alleged failure of the trial judge to provide a missing witness charge was neither contrary to, nor an unreasonable application of, federal law. *Id.* at 6-7.

Petitioner did not appeal the decision.

## IV.     THE PRESENT PETITION

Petitioner again challenges a 2003 judgment of conviction in Onondaga County, upon a jury verdict, of felony murder and first degree robbery. Pet. at 1-2. Petitioner again

3

indicated that the Fourth Department affirmed his conviction and, on June 14, 2006, the Court of Appeals denied his application to appeal. Pet. at 2-3; *see also Parton*, 26 A.D.3d at 870, *lv. denied*, 7 N.Y.3d at 760.

On July 5, 2019, petitioner also filed a motion to vacate his judgment pursuant to New York State Criminal Procedure Law § 440.10 ("440 motion"). Pet. at 3. On October 29, 2019, Onondaga County Court denied the 440 motion. *Id.* at 3-4, 16-18. Petitioner sought leave to appeal; however, the Fourth Department denied his application on June 1, 2020. *Id.* at 4, 19. Petitioner again sought leave to appeal from the Court of Appeals which also was denied on February 19, 2020. *People v. Parton*, 35 N.Y.3d 1069 (2020).

Petitioner argues that he is entitled to federal habeas relief because (1) his Fourteenth Amendment due process and equal protection rights were violated and (2) the trial court violated the New York Penal Law in instituting consecutive sentences. Pet. at 5-8. For a more complete statement of petitioner's claims, reference is made to the petition.

## V.    DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) restricted the ability of petitioners to file second or successive petitions. A petition is a second or successive application when it "attacks the same judgment that was attacked in a prior petition," *Vasquez v. Parrott*, 318 F.3d 387, 390 (2d Cir. 2003) (internal quotation marks omitted), the prior petition was dismissed on the merits, *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005), and the later petition "raises a claim that was, or could have been, raised in [the] earlier petition." *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002); *accord, Adams v. Corcoran*, 416 F. App'x 84, 85 (2d Cir. 2011) ("While not every numerically second petition is considered a second or successive one, a dismissal on the merits . . . renders any

4

subsequent petition second or successive within the meaning of AEDPA.") (internal quotation marks omitted).

A district court has no jurisdiction to decide a second or successive habeas petition on the merits without authority from the appropriate Court of Appeals. *Burton v. Stewart*, 549 U.S. 147, 153 (2007) (per curiam); *Torres v. Senkowski*, 316 F.3d 147, 149, 151-52 (2d Cir. 2003). Instead, the AEDPA requires individuals seeking to file a second or successive petition to obtain leave of the appropriate Court of Appeals for an order authorizing the district court to consider the second or successive application. 28 U.S.C. § 2244(b)(1)-(3); *see also* Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."); N.D.N.Y. L.R. 72.4(c) ("Before a second or successive application is filed in this Court, the applicant shall move in the Second Circuit Court of Appeals for an order authorizing the district court to consider the application.").

Here, petitioner does not indicate that he has filed a prior petition. However, he has. *See Patron I*. Further, the present petition advances another attack on petitioner's 2003 conviction for second degree murder and first degree robbery out of Onondaga County. *Compare Parton I*, Am. Pet. at 1 *with* Pet. at 1-2.[3] The petition is successive because petitioner is challenging the same judgment of conviction that he challenged before in his prior habeas petition. These claims have been previously dismissed on the merits. *Parton I*,

---

[3] Further evidence that petitioner again attacks the same conviction comes from the fact that both petitions reference the same dates of, and bases for, state court decisions regarding his direct appeal. *Compare Parton I*, Am. Pet. at 2 *with* Pet. at 2-3.

August Order; Judgment. Moreover, there is no basis for concluding that petitioner could not have raised in his earlier petition the grounds for relief asserted in his present petition. In fact, petitioner did raise a similar claim questioning the appropriateness of consecutive sentences as a grounds for relief in his earlier petition. That claim was considered, denied, and dismissed by the Court. *Parton I*, August Order at 5-6.

Because district courts have no jurisdiction to decide successive petitions, the Court is required to transfer this action to the appropriate Court of Appeals. *Torres*, 316 F.3d at 151-52. Accordingly, the Court transfers this action to the Second Circuit, pursuant to 28 U.S.C. § 1631, for a determination under 28 U.S.C. § 2244(b) as to whether the petitioner should be permitted to file a second or successive habeas petition in the district court. *Id.*

## VI. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner's IFP application, Dkt. No. 2, is **GRANTED**; and it is further

**ORDERED** that the Clerk transfer this petition to the United States Court of Appeals for the Second Circuit, pursuant to 28 U.S.C. § 1631, for a determination under 28 U.S.C. § 2244(b) as to whether petitioner should be authorized to file a second or successive habeas petition in the district court; and it is further

**ORDERED** that the Clerk serve a copy of this Order on petitioner in accordance with the Local Rules.

Dated: October 22, 2020

Thomas J. McAvoy
Senior, U.S. District Judge